IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

SANTOS RAMON CRUZ, )
)
      Petitioner, )
)
vs. ) Case No. CIV-13-1102-M
)
WARDEN McCOLLUM, )
)
      Respondent. )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1.[1] Chief United States District Judge Vicki Miles-LaGrange referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent moves for dismissal, Doc. 10, and despite the undersigned sua sponte granting Petitioner an extension of time, Doc. 12, Petitioner has not responded. After reviewing the petition and Respondent's motion, the undersigned recommends that the habeas petition be dismissed because it contains both exhausted and unexhausted claims.

---

[1] In October 2013, Petitioner stated that he only had four months remaining on his sentence. Doc. 1, at 1. In December 2013, Petitioner filed a notice of change of address, indicating a private address in Florida. Doc. 11. The undersigned ordered the Clerk of the Court to forward Respondent's motion to Petitioner's new address and granted him an additional thirty days — or until February 2, 2014 — to respond. Doc. 12.

## I. Background.

A jury convicted Petitioner of assault and battery with a dangerous weapon in July 2011, in Custer County District Court. Doc. 1, at 1.[2] He filed a direct appeal seeking a nunc pro tunc order to reflect credit for time served and alleging: (1) insufficient evidence; (2) improper "trial jury procedure"; (3) excessive sentence and restitution; and (4) cumulative error. *Id.*; *see also* Doc. 10, Ex. 1, at 8-31. The Oklahoma Court of Criminal Appeals (OCCA) rejected the claims and affirmed the conviction in February 2013. Doc. 1, at 1; Doc. 10, Ex. 3, at 1-5.

Petitioner then filed an application for post-conviction relief alleging: (1) an unconstitutional jury summons practice; (2) the existence of a new Supreme Court case requiring relief; (3) the trial court's lack of jurisdiction based on a conclusory Information; and (4) ineffective assistance of appellate counsel. Doc. 1, at 2; Doc. 10, Ex. 4, at 1-3. The state court denied relief, and Petitioner filed an appeal with the OCCA on October 3, 2013. Doc. 1, at 2; Doc. 10, Ex. 5, at 1-4.

A week later, Petitioner mailed the instant action to this Court. Doc. 1, at 4. The undersigned liberally construes the habeas petition to assert relief based on: (1) violation of the right to a speedy trial; (2) a due process violation based on Plaintiff's inability to read or write in English or speak the

---

[2] All page citations will refer to the Court's CM/ECF pagination.

language "well"; (3) the necessity of a nun pro tunc order; (4) insufficient evidence; (5) improper "trial jury procedure"; (6) excessive sentence and restitution; (7) cumulative error; (8) an unconstitutional jury summons practice; (9) the existence of a new Supreme Court case requiring relief; (10) the trial court's lack of jurisdiction based on a conclusory Information; and (11) ineffective assistance of appellate counsel. Doc. 1, at 1-3.

Respondent seeks dismissal on grounds that the OCCA has not ruled on Petitioner's appeal from the denial of his application for post-conviction. Doc. 10, at 2-3. However, the undersigned takes judicial notice that on January 10, 2014, after Respondent filed the motion, the OCCA entered an order denying Petitioner relief.[3] Nevertheless, the undersigned finds that the habeas petition still includes unexhausted claims.

## II. Analysis.

A state prisoner must exhaust all available state court remedies before seeking a federal writ of habeas corpus unless it appears that an available state corrective process is absent or circumstances exist that render such process ineffective to protect the prisoner's rights. *See* 28 U.S.C. § 2254(b)(1); *see also Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) ("A state

---

[3]  *See* Oklahoma State Courts Network, *Cruz v. Oklahoma*, Case No. PC-2013-921, Okla. Ct. of Crim. App., docket entries dated Jan. 10, 2014, http://www.oscn.net/applications/oscn/start.asp?viewType=DOCKETS (last accessed Feb. 28, 2014).

3

prisoner generally may not raise a claim for federal habeas relief unless he 'has exhausted the remedies available in the courts of the State.'") (citation omitted). "Under this requirement, 'federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims.'" *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (citation omitted).

As illustrated above, Petitioner raises eleven claims in his habeas petition but he only challenged nine through direct appeal and application for post-conviction relief. Indeed, Petitioner never challenged his lack of a speedy trial or conviction as a non-English speaker in the state courts, *see* Doc. 10, Ex. 1, at 8-39, Ex. 4, at 1-3, and these claims remain unexhausted.

### A. Petitioner's request to excuse exhaustion.

Petitioner seeks to have exhaustion excused based on the OCCA's delay in ruling on his direct appeal. Doc. 1, at 1. The undersigned finds the argument meritless.

Petitioner is correct that a state court's "'inexcusable or inordinate delay . . . in processing claims for relief' may make the state process ineffective to protect the petitioner's rights and excuse exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1555 (10th Cir. 1994) (citation omitted). However, "[w]here the delay has come to a close, the comity concerns underlying the exhaustion requirement compel the federal courts to allow the state litigation

4

to run its course." *Vreeland v. Davis*, No. 13-1170, 2013 WL 5289963, at *2 (10th Cir. Sept. 20, 2013) (unpublished op.). The OCCA ruled on Petitioner's direct appeal on February 20, 2013 — just over eleven months after it was filed. *See* Doc. 10, Ex. 1, at 1, Ex. 3, at 1. Even if the undersigned finds such a delay to be "inordinate," it came to a close well before Petitioner filed his habeas petition in October 2013. So, the OCCA's delay cannot excuse Petitioner's nonexhaustion.[4] *See Vreeland*, 2013 WL 5289963, at *2-3.

## B. Disposition.

When a petitioner does not exhaust, the Court must determine whether a return to state court would be futile. *See James v. Gibson*, 211 F.3d 543, 550 (10th Cir. 2000) ("Exhaustion is not required if an attempt to exhaust would be futile.") (citation omitted). In Oklahoma, if a defendant fails to raise a claim in an application for post-conviction relief, the OCCA generally considers it waived. *See* Okla. Stat. tit. 22, § 1086; *see also Murphy v. Oklahoma*, 124 P.3d 1198, 1199 (Okla. Crim. App. 2005) ("[C]laims that could have been raised in previous appeals but were not are generally waived."). However, the OCCA might consider Petitioner's unexhausted claims in a second application for post-conviction relief if he can show "sufficient reason" for why he did not raise the claims in his first application for post-conviction

---

[4] Notably, Petitioner did not raise his two unexhausted claims in the direct appeal. To excuse Petitioner's exhaustion of those two claims based on the OCCA's alleged delay would defy logic.

5

relief. Okla. Stat. tit. 22, § 1086. Accordingly, the undersigned finds that Petitioner may still have an available state court remedy and should return to that forum to attempt to complete exhaustion of his remaining two claims.

In limited circumstances, the Court has discretion to stay a mixed habeas petition to allow Petitioner to return to state court without the petition's dismissal. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). But such a remedy is only available in "limited circumstances" and is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Here, Petitioner filed a direct appeal and an application for post-conviction relief and both times failed to raise the two unexhausted claims — claims which should have been apparent at the time of trial. Under these circumstances, the undersigned cannot find "good cause" for recommending a stay.

### III. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned finds that the petition contains both exhausted and unexhausted claims. Because a possibility remains that Petitioner's unexhausted claims could still be heard in state court, the undersigned recommends that the petition be dismissed without prejudice to allow Petitioner to return to that forum. Alternatively, if Petitioner wishes to proceed without returning to the state court, the

undersigned recommends that he be allowed to amend his petition to drop the unexhausted claims.

The parties are advised of their right to file an objection to this report and recommendation with the Clerk of this Court by March 20, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 28th day of February, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE